IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Calvin Ben Collins, | ) | Civil Action No. 4:09-696-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Auto-Owners Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is currently before the Court on Defendant Auto-Owners Insurance Company's (hereinafter "Auto-Owners" or "Defendant") pending Motion for Sanctions under the Frivolous Civil Proceedings Sanctions Act. (Doc. # 67). Defendant filed its motion on December 20, 2010. Plaintiff filed its Response in Opposition to Defendant's motion on January 4, 2011. (Doc. # 72). Defendant filed a Reply in Support of its motion on January 11, 2011. (Doc. # 73). This matter is now ripe for disposition.

**Background**

After proceedings in both state court and federal court, Plaintiff filed the instant action on March 19, 2009 based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. On August 26, 2010, Defendant filed a motion for summary judgment, which was opposed by Plaintiff. After hearing oral argument on the pending summary judgment motion, this Court entered an Order on December 8, 2010, granting Defendant's motion for summary judgment.

In the instant motion, Defendant Auto-Owners requests Sanctions under the Frivolous Civil Proceedings Sanctions Act pursuant to S.C. CODE ANN. § 15-36-10, et seq., and Rule 11 of the

1

Federal Rules of Civil Procedure. As a basis for its motion, Defendant asserts that "Plaintiff's Counsel unreasonably initiated and continued the pursuit of claims for breach of contract and bad faith [ ... ] against Auto-Owners in direct contravention to all evidence and case law contrary to Plaintiff's position and despite being advised that the existing law in this jurisdiction did not support such a claim." In its motion, Defendant discusses the facts and procedural history of the underlying case, as well as relevant state and federal case law, including, inter alia, the following cases: Lawson v. Porter, 180 S.E.2d 643 (S.C. 1971), McDill v. Nationwide Mutual Ins. Co., 627 S.E.2d 749 (S.C. App. 2006), Snyder v. State Farm, 586 F. Supp.2d 453 (2008), and Wilkins v. State Farm Mutual Ins. Co., 2008 WL 2690240 (D.S.C. 2008). Relying on these cases, and on the facts of this case, Defendant asserts that the existing law in this jurisdiction did not support claims for bad faith and/or breach of contract. Defendant argues that the pursuit of such claims in light of existing law support their claim for sanctions under the SCFCPSA.

Plaintiff opposes Defendant's motion, and Plaintiff's counsel asserts that he "represented, and represents, to this Court that this action for breach of contract and bad faith contract claims was not being presented for any improper purpose such as harassment or delay, that the claims and other legal contentions were warranted by existing law or by non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law, and that the factual contentions had evidentiary support." Plaintiff's counsel asserts that he reviewed the cases of Snyder v. State Farm, and Wilkins v. State Farm Mutual Ins. Co., and determined that in both cases the carrier tendered to their insured their honest internal valuation of the claim's value. Plaintiff's counsel asserts that he had reason to believe, and believed, that contrary to the facts in Wilkins and Snyder, that in the case at bar the Defendant had not tendered its honest internal valuation of the claim's value. Plaintiff also discusses case law which it believes supports its position on the claims raised. After a

discussion of the facts, Plaintiff's counsel argues that "there was more than adequate legal and factual support to lead [him] to the conclusion that the claim represented a legitimate non-frivolous cause of action." Plaintiff's counsel summarizes his argument as follows:

> When this action was first filed, the undersigned reasonably believed, and continues to reasonably believe, that the simple legal principle "that the duty of good faith and fair dealing merely prevents an insurer from offering less than what its own investigation reveals to be the claim's value" was supported and/or should be adopted by the insurance law of South Carolina. Moreover, the undersigned reasonably believes that the facts support his client's contention that his insurer refused to offer him what their investigation revealed to be the claim's value. The undersigned believed, and continues to believe, that if the duty of good faith and fair dealing means anything, it means that an insurer cannot mislead its insured regarding their valuation of the claim in hopes of taking financial advantage of them. Here, the Defendant valued the claim but refused to offer that value in the hopes of forcing its insured to take less than what the insurer honestly believed to be the claim's value. The undersigned zealously argued to this Court, on behalf of his client, that the insured's conduct was actionable at law, and he continues to do so.

## **Law & Analysis**

The South Carolina Frivolous Civil Proceedings Sanctions Act (hereinafter referred to as "SCFCPSA") provides that an attorney or party filing a frivolous pleading may be sanctioned if "a reasonable attorney in the same circumstances would believe that under the facts, his claim or defense was clearly not warranted under existing law and that a good faith or reasonable argument did not exist for the extension, modification, or reversal of existing law." S.C. CODE § 15-36-10(A)(4)(a)(ii) (2005). A court shall proceed to determine if a claim or defense was frivolous after a case has been dismissed by summary judgment. S.C. CODE § 15-36-10(C)(1). The SCFCPSA provides that an attorney shall be sanctioned for a frivolous claim or defense if the court finds the attorney failed to comply with one of the following conditions:

(a)   a reasonable attorney in the same circumstances would believe that under the facts, his claim or defense was clearly not warranted under existing law and that a good faith or reasonable argument did not exist for the extension, modification, or reversal of law;

3

    (b)    a reasonable attorney in the same circumstances would believe that his procurement, initiation, continuation, or defense of the civil lawsuit was intended merely to harass or injure the other party; or

    (c)    a reasonable attorney in the same circumstances would believe that the case or defense was frivolous as not reasonably founded in fact or was interposed merely for delay, or was merely brought for a purpose other than securing proper discovery, joinder of proposed parties, or adjudication of the claim or defense upon which the proceedings are based.

S.C. Code § 15-36-10(C)(1)(a)-(c).

Upon this determination, a court may award sanctions including the reimbursement of reasonable costs and attorney's fees of the prevailing party under a motion pursuant to SCFCPSA. S.C. CODE § 15-36-10(G). Costs shall include, but are not limited to, the time required of the prevailing party by the frivolous proceeding, and travel expenses, mileage, parking, costs of reports, and any additional reasonable consequential expenses of the prevailing party resulting from the frivolous proceeding. Id. Following the determination of facts, an appellate court applies an abuse of discretion standard in reviewing the decision to award sanctions and the specific sanctions awarded under SCFCPSA. Horry County v. Parbel, 378 S.C. 253, 662 S.E.2d 466 (Ct. App. 2008).

Rule 11 of the Federal Rules of Civil Procedure also provides for the award of sanctions. In relevant part it reads as follows:

    (a)    **Signature**. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

    (b)    **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

    (1)    it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

    (2)    the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

    (3)    the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    (4)    the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c)    **Sanctions.**

    (1)    *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

After careful review of the arguments by both parties as well as the relevant case law and legal authority, this Court concludes that sanctions under the Frivolous Civil Proceedings Sanctions Act are not appropriate in this case. Although the Court recognizes that Plaintiff's position was not the strongest of legal positions, and ultimately did not prevail, the Court does not find that it was frivolous. Similarly, the Court does not conclude that sanctions are appropriate under Rule 11 of the Federal Rules of Civil Procedure. Accordingly, Defendant Auto-Owner's Motion for Sanctions under the Frivolous Civil Proceedings Sanctions Act (and/or pursuant to Rule 11 of the Federal Rules of Civil Procedure) is **DENIED**. (Doc. # 67).

    **IT IS SO ORDERED.**

                                                                             s/ Terry L. Wooten

June 22, 2011                                               Terry L. Wooten

Florence, South Carolina                        United States District Court Judge